# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN A. PITT, Individually, as Successor-In-Interest to MICHAEL A. PITT, Decedent, on Behalf of the Estate of MICHAEL A. PITT, and on Behalf of the Class,<br><br>                   Plaintiff,<br>   v.<br>METROPOLITAN TOWER LIFE INSURANCE COMPANY,<br>                   Defendant. | Case No. 20-cv-00694-BAS-DEB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY**<br><br>**[ECF No. 10]** |

Plaintiff Susan Pitt ("Plaintiff") brings this putative class action lawsuit against Metropolitan Tower Life Ins. Co. (MetLife) claiming that it violated various California insurance statutes (Calif. Ins. C. §§10113.71 and 10113.72) ("the Statutes") that came into effect January 1, 2013, when it terminated life insurance policies without proper notice. (Compl., ECF No. 1.) The success of the lawsuit largely depends on the application of the Statutes to life insurance policies originally issued before January 1, 2013 outside California. This has been a hotly contested issue in both the California state and federal courts. Several cases addressing this issue are currently pending on appeal.

Defendant moves to stay the case pending the result of these appellate decisions. (Mot., ECF No. 10.) Plaintiff opposes and Defendant replies. (Resp., ECF No. 15; Reply, ECF No. 16.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **DENIES WITHOUT PREJUDICE** the Motion to Stay. (ECF No. 10.).

## I. BACKGROUND

According to the Complaint, Michael Pitt purchased a $2,000,000 term life insurance policy ("the Policy") in October 2003 in Illinois. (Compl. ¶ 35; Ex. A to Compl, ECF No. 1-2.) His wife was the sole beneficiary. (*Id.*) The Policy was renewed on a yearly basis. (Compl. ¶ 39.) In 2014, the Pitts moved to California and continued to renew the Policy from California. (*Id.* ¶ 41.) In January 2016, Mr. Pitt inadvertently missed a payment and the Policy was terminated for non-payment of premium. (*Id.* ¶ 48.) Plaintiff alleges this termination violated the Statutes effective as of January 1, 2013. Plaintiff filed this Complaint for Declaratory Relief, Breach of Contract, Bad Faith, Unfair Competition and Financial Elder Abuse on her own behalf as well as on behalf of other similarly-situated plaintiffs who allege their life insurance policies were terminated in violation of the Statutes.

In October 2019, the California Court of Appeal held that the Statutes at issue in this case did not apply retrospectively to life insurance policies entered into before January 1, 2013. *McHugh v. Protective Life Ins.*, 40 Cal. App. 5th 1166 (2019). The California Supreme Court granted the plaintiff's petition for review and denied the request for an order directing depublication of the Court of Appeal decision. *McHugh v. Protective Life Ins.*, 456 P.3d 933 (Jan. 29, 2020.)

In the meantime, several federal courts held that, although the Statutes may not be applied retroactively to life insurance policies entered into before January 1, 2013, the Statutes did apply to policies renewed after the effective date. *See Thomas v. State Farm Ins. Co.*, 424 F. Supp. 3d 1018 (S.D. Cal. Dec. 10, 2019); *Bentley v. United of Omaha Life Ins. Co.*, 371 F. Supp. 3d 723 (C.D. Cal. Feb. 21, 2019). These two cases are also on appeal before the Ninth Circuit.

Finally, several district courts have held that the Statutes did not apply to policies issued and delivered out of the state of California. *Elmore v. Hartford Life and Accid. Ins. Co.*, 2020 WL 1276106 (C.D. Cal. Jan. 6, 2020); *Shaff v. Farmers New World Life Ins. Co.*, 2019 WL 4570014 (C.D. Cal. Aug. 5, 2019). However, in *Bentley*, the Court held

the issue was irrelevant when the policy was issued out-of-state but renewed in-state. 371 F. Supp. 3d at 735. The Court in *Bentley* held that the Statutes did apply to policies renewed in state. *Id.* The appeals in *Elmore* and *Shaff* have both been stayed pending the appeals in *Bentley, Thomas and McHugh.*

## II.   LEGAL STANDARD

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). However, "[w]hile it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway, Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

A court considering a stay should weigh competing interests including "damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating issues, proof and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268.  The party requesting the stay "'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.'" *Id.* (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)).  "'[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity within the meaning of *Landis*.'" *Montez v. Chase Home Finance, LLC*, No. 11-cv-530 JLS (WMC), 2011 WL 2729445, at *1 (S.D. Cal. July 13, 2011) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)).

"Generally stays should not be indefinite in nature." *Dependable Highway,* 498 F.3d at 1066.  However, a stay that is "not immoderate in extent and not oppressive in its consequences" may be warranted "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

## III. ANALYSIS

Plaintiff claims she would be damaged from the stay. First, she argues that she and many of the potential class members are elderly and that the lawsuit aims to protect this more vulnerable class of persons. (Resp. at 9.) Second, she argues that the "claims at issue are remedial in nature and address an important public policy, especially for a protected class[] or persons." (*Id.* at 8.) Additionally, she argues that the fact the she is seeking injunctive relief weighs against granting the stay. (*Id.*) And, finally, she argues that a potentially substantial delay could increase the difficulty of reaching class members and could increase the risk that evidence from these class members will dissipate. (*Id.* at 10.) At the very least she has shown a "fair possibility" the she would be damaged by the stay.

To counter this, Defendant claims that staying the case until the various appellate cases are decided "may establish that the Statutes do not apply to Plaintiff's policy" and that Defendant will be prejudiced if it is forced to spend time and resources on discovery. (Mot. at 12–13.) Defendant also argues that the pending decisions could impact whether Plaintiff is an adequate class member. (*Id.* at 16.) The Court finds this is an insufficient showing of hardship at this stage of the proceedings. *See Landis*, 299 U.S. at 255 ("[O]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.")

As the Court in *Lockyer* pointed out, being required to defend a suit, without more, is an insufficient showing of hardship or inequity, particularly when faced with the damage outlined by Plaintiff from the stay. Additionally, resolution of *McHugh* alone is not likely to resolve any outstanding appellate issues with the rulings of *Bentley* and *Thomas* also on appeal. It is unclear at this point how long it will take for all the outstanding appellate decisions that could apply to this case to resolve. Hence, the Court concludes a stay is inappropriate at this stage of the proceedings.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Stay (ECF No. 10).

**IT IS SO ORDERED.**

DATED: October 20, 2020

Hon. Cynthia Bashant
United States District Judge