UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN A. PITT, Individually, as Successor-In-Interest to MICHAEL A. PITT, Decedent, on Behalf of the Estate of MICHAEL A. PITT, and on Behalf of the Class,<br><br>                    Plaintiff,<br><br>v.<br><br>METROPOLITAN TOWER LIFE INSURANCE COMPANY,<br><br>                    Defendant. | Case No.:  20-cv-00694-BAS (DEB)<br><br>**ORDER RE: JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**DKT. NO. 35** |

## I.    INTRODUCTION

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute. Dkt. No. 35. At issue is Plaintiff Susan A. Pitt's Interrogatory No. 18 ("Interrogatory") seeking, among other things, the identities and contact information of potential class members. Defendant Metropolitan Tower Life Insurance Company (referred to as "Tower" in the Joint Motion) agreed to provide data for the life insurance policies at issue, but objects to providing policyholders' names and contact information. Upon

1

Page 2 of 7

consideration of the Joint Motion, the Court orders Defendant to fully respond to the Interrogatory.

## II.   PROCEDURAL HISTORY

On April 10, 2020, Plaintiff filed this putative class action alleging Defendant cancelled life insurance policies in violation of California Insurance Code §§ 10113.71 and 10113.72. Dkt. No. 1. On May 25, 2020, Defendant filed its Answer denying the relevant allegations. Dkt. No. 11.

On December 2, 2020, the Court held a Case Management Conference. Dkt. No. 31. The Scheduling Order that followed set a June 4, 2021 deadline for the parties to complete class certification discovery, and a July 9, 2021 deadline for Plaintiff to file a Motion for Class Certification. Dkt. No. 32.[1] The Scheduling Order states "[f]act and class discovery are not bifurcated." *Id*. at 2.[2]

Thereafter Plaintiff propounded the following Interrogatory on Defendant:

> Please identify, by name, address, phone number, email address, policy number, and policy type (i.e. group versus individual), all CLASS MEMBERS.[3]

Dkt. 35 at 3.

Defendant responded to the Interrogatory as follows:

> Tower objects to this interrogatory on the ground that Plaintiff's claims are based on California Insurance Code §§ 10113.71 and

---

[1] The Court later extended the July 9, 2021 deadline to August 31, 2021. Dkt. No. 39.

[2] Docket entry page citations refer to the page numbers assigned by the Court's CM-ECF system.

[3] The relevant definitions for this Interrogatory are:

• "CLASS MEMBER(S)" means all owners and beneficiaries of LIFE INSURANCE POLICIES that were lapsed or terminated due to non-payment of premium without first being given all of the following: (1) written notice of and an actual 60-day grace period, (2) a 30-day notice of pending lapse and termination, and (3) an annual notice of a right to designate at least one other

10113.72, the scope and meaning of which are before the California Supreme Court and the Ninth Circuit, in cases that are poised to determine whether Plaintiff's claims can proceed at all.

Tower further objects to this interrogatory as overbroad and not proportional to the needs of the case, as the Statutes do not apply to Plaintiff's Policy. Tower also objects to this interrogatory to the extent that [it] seeks information specific to "class members," a group that has not yet been defined in this action. Tower further objects to this interrogatory because it calls for legal conclusions and reasoning.

Subject to and without waiving any of its objections, Tower responds as follows: Tower will provide data that is available for Tower policies, in-force as of January 1, 2013, that were issued in California, as well as those policies for which the policyholder's mailing address is currently located in California, or was located in California at the time of lapse, including: policy number, policy type, product, issue date, policy status, issue state, resident state, policy lapse/termination date.

Tower objects to any claim that the Statutes apply to policies issued in any state other than California and by providing data regarding out of state policies with mailing addresses in California, Tower does not waive any legal arguments or

---

person to receive notice of lapse or termination of a policy for nonpayment of premium.

• "LIFE INSURANCE POLICIES" means any life insurance policy or policies sold, issued, delivered, reinstated, renewed, administered in/from, and/or converted in California, or which YOU considered to be governed by California law, and which were in-force at any point on or after January 1, 2013. For avoidance of doubt, this definition is meant to be construed in the broadest possible sense and includes, among others, all life insurance policies YOU were responsible for at any point on or after January 1, 2013, even if you are not responsible for them today, and/or if you may not have originally sold, issued, or delivered them.

Dkt. No. 35 at 3–4.

1
2
3
4
5
6

> objections. Further, to determine if any premium was paid from California after January 1, 2013, would require individual review of each policy record. By providing the data set forth above, Tower does not waive any argument regarding the appropriateness of class certification under Federal Rule of Civil Procedure 23. The data will be a compilation in Excel format as there is no single system or program that contains the information.

7   *Id.* at 4.

8      The Joint Motion seeks a ruling regarding whether Defendant must: (1) provide
9   information on all LIFE INSURANCE POLICIES, as defined by Plaintiff; and (2) provide
10  names and contact information for CLASS MEMBERS. Dkt. No. 35.

11     **III.   LEGAL STANDARDS**

12     "[B]road discretion is vested in the trial court to permit or deny discovery . . . ."
13  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "Parties may obtain discovery
14  regarding any non-privileged matter that is relevant to any party's claim or defense and
15  proportional to the needs of the case."   Fed. R. Civ. P. 26(b). Even after the 2015
16  amendments to Rule 26, "discovery relevance remains a broad concept." *Fed. Nat'l Mortg.*
17  *Ass'n v. SFR Invs. Pool 1, LLC*, No.14-cv-02046-JAD-PAL, 2016 WL 778368, at *2 n.16
18  (D. Nev. Feb. 25, 2016); *see also Odyssey Wireless, Inc. v. Samsung Elecs. Co.*, *Ltd*,
19  No. 15-cv-01735-H (RBB), 2016 WL 7665898, at *7 (S.D. Cal. Sept. 20, 2016)
20  ("Relevance is construed broadly to include any matter that bears on, or reasonably could
21  lead to other matters that could bear on, any issue that may be in the case.") (citing
22  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–51 (1978)).

23     **IV.   DISCUSSION**

24     Defendant has agreed to produce data for life insurance policies "issued and
25  delivered" in California and policies showing a California address, whereas the
26  Interrogatory calls for information on "life insurance policy or policies sold, issued,
27  delivered, reinstated, renewed, administered in/from, and/or converted in California, or
28  which YOU considered to be governed by California law, and which were in-force at any

point on or after January 1, 2013." Dkt. No. 35 at 3. Defendant also contends producing policyholder names and contact information would violate various California privacy statutes. *Id.* at 7.

### a.     Waiver

Plaintiff argues Defendant waived its objections to the Interrogatory by failing to timely respond. *Id.* at 5. Defendant denies any waiver, asserting the parties were meeting and conferring on the scope of Defendant's response. *Id*. at 7 n.2. The Court agrees that Defendant failed to timely respond to the Interrogatory and, therefore, has waived its objections.

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Plaintiff served the Interrogatory on December 3, 2020. Dkt. 35 at 5. Defendant requested an extension to respond to January 15, 2021. *Id.* Defendant, however, did not serve its response until March 2, 2021. *Id.* Defendant explains it "informed Plaintiff the data resided on numerous legacy systems," and it "continued to confer weekly to properly identify information responsive to Plaintiff's demands." *Id*. at 7 n. 2. The Court finds nothing in Defendant's brief summary of counsel's conversations supports a conclusion that Plaintiff either expressly or impliedly agreed to an additional (presumably open-ended) extension. Consequently, Defendant waived its objections to the Interrogatory.[4] *See Ramirez v. Cty. of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("If a party fails to file *timely* objections to [discovery] requests, such a

---

[4] To the extent Defendant argues that discovery of putative class member names and contact information is premature, the Court also denies this argument on the merits. The Scheduling Order states "[f]act and class discovery are not bifurcated." Dkt. No. 32 at 2; *See Hill v. Asset Acceptance, LLC.*, No. 13-cv-1718-BEN (BLM) (S.D. Cal. July 3, 2014) ("[T]he Court has not bifurcated discovery so Defendant's argument that the requested discovery [of other customers' contact information] must wait until after the class certification is decided, fails.").

failure constitutes a waiver of any objections which a party might have to the requests.")
(emphasis in original) (citation omitted).

Defendant waived its objections and must respond to the Interrogatory fully and completely and provide information regarding all LIFE INSURANCE POLICIES, as defined by Plaintiff. Because Defendant's privacy argument implicates the interests of third parties who are not before the Court, however, the Court addresses the merits of this argument to ensure the third parties' privacy interests are adequately protected.

### b.      Contact Information and Third-Party Privacy

Defendant argues production of anonymous policy data is sufficient for pre-certification purposes and disclosure of putative class members' contact information would violate various California privacy laws. Dkt. 35 at 7-8. Courts, however, have routinely ordered pre-certification production of contact information for putative class members. *See, e.g., Wellens v. Daiichi Sankyo, Inc.*, No. 13-cv-00581-WHO (DMR), 2014 WL 969692 at *3 (N.D. Cal. Mar. 5, 2014) (finding the existing protective order adequately addressed  class member privacy concerns ordering production of putative class members' names and contact information); *Rojas v. Bosch Solar Energy Corp.*, No. 18-cv-05841-BLF, 2020 U.S. Dist. Lexis 29163 at *10 (N.D. Cal. Feb. 20, 2020) (overruling objection that protective order did not adequately protect the putative class members' privacy interests).

Although the California Supreme Court approved a pre-certification opt-out procedure (where putative class members receive notice and an opportunity to opt-out before their contact information is disclosed), *see Pioneer Elecs. (USC), Inc. v. Superior Court*, 231 F.R.D. 407, 409, 371-75 (2007), the Court finds this procedure unnecessarily time-consuming and burdensome here. The Court agrees with Judge Westmore's Order in *Siino v. Foresters Life Ins. and Annuity Co*., No. 20-cv-2904 (N.D. Cal. Dec. 10, 2020) (attached as Exhibit A to the Joint Motion) and finds the existing Protective Order adequately protects the privacy of putative class members' contact information. *See* Dkt. No. 19. Defendant, therefore, must produce the putative class members' names and contact

20-cv-00694-BAS (DEB)

information designated as "CONFIDENTIAL" under the existing Protective Order; and Plaintiff must comply with all restrictions governing the handling and disclosure of confidential information.

## V.    CONCLUSION

The Court finds Defendant waived its objections to the Interrogatory by not timely responding. The Court also finds the information sought by the Interrogatory is relevant and discoverable at this stage of the proceedings. Defendant, therefore, must fully respond to the Interrogatory on or before **June 30, 2021**. The parties must treat putative class member names and contact information produced by Defendant as "CONFIDENTIAL" under the Protective Order issued in this case.

Dated:  June 16, 2021

Honorable Daniel E. Butcher
United States Magistrate Judge

20-cv-00694-BAS (DEB)